IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TYLER LJUBICH, | Case No. 2:21-cv-00330-JR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS and GARTH GULICK, | |
| Defendants. | |

RUSSO, U.S. Magistrate Judge:

Pro se plaintiff Tyler Ljubich brings this action for monetary and injunctive relief against defendants, Oregon Department of Corrections and Dr. Garth Gulick, alleging they failed to provide him with adequate medical care. Plaintiff asserts a claim under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights, and he asserts common law tort claims for negligence and medical malpractice. Defendants move for summary judgement (ECF 33) pursuant to Federal Rule of Civil Procedure 56.

PAGE 1 – OPINION AND ORDER

This Court has federal question jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). *See* ECF 16. For the reasons set forth below, defendants' motion for summary judgment (ECF 33) is granted.

## BACKGROUND

Plaintiff is an adult in custody ("AIC") who is housed at Snake River Correctional Institution ("SRCI"). Compl., ECF 2; Defs.' Mot. Summ. J. ("Mot.") 1, ECF 33. Plaintiff filed a complaint on March 2, 2021, alleging the Oregon Department of Corrections ("ODOC") and Dr. Garth Gulick failed to provide him with adequate medical care at SRCI between 2014 and 2018. Compl. 3-4. Plaintiff suffers from hydrocephalus and alleges that he has "continually" sought medical treatment for that condition since 2014. *Id.* at 3. Plaintiff's complaint does not refer to specific dates on which he allegedly sought medical care and was denied. Instead, plaintiff broadly alleges that he "requested to have an MRI done multiple times since 2016" but "it wasn't until 2018 that [he] was finally allowed to have an MRI." Pl.'s Notice 2, ECF 17. Plaintiff also alleges that "a CT scan in 2017 came back showing swelling," but "Dr. Gulick . . . downplayed the results" and "chose to combat [plaintiff's] hydrocephalus with psych medication." *Id.* Plaintiff alleges that "Dr. Gulick should have referred [him] to a non [O]DOC facility, one capable of treating hydrocephalus" instead of giving him "tylenol, Ibuprophin, and psych medication" to treat his symptoms. *Id.* at 3-4. Regarding the brain surgery plaintiff underwent in 2018, plaintiff alleges that defendants should have scheduled his surgery "a lot sooner" and should have provided him with physical therapy following the surgery. *Id*. at 4. Last, plaintiff alleges that defendants' failure to treat his hydrocephalus caused "severe damage" to his memory

PAGE 2 – OPINION AND ORDER

and equilibrium, and he states that "[his] hands now shake[,]" he has "continual seizures[,]" and his "nervous system has been irreparably damaged." *Id*.

## LEGAL STANDARDS

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

Because plaintiff is proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (stating that district courts are to "construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly").

## DISCUSSION

Plaintiff's complaint presents two tort claims under Oregon law for negligence and medical malpractice and one claim of inadequate medical care in violation of plaintiff's Eighth Amendment rights. Compl. 3-4. Defendants argue that they are entitled to summary judgment on plaintiff's claims on several grounds: (1) the Eleventh Amendment bars plaintiff's claims against

PAGE 3 – OPINION AND ORDER

ODOC and his claims against Dr. Gulick in his official capacity, Mot. 12-14; (2) plaintiff's claims are barred by the two-year statute of limitations under the Oregon Tort Claims Act ("OTCA"), the two-year statute of limitations that applies to claims under § 1983, and the 180-day notice requirement under OTCA, Mot. at 10-13; (3) no reasonable jury could find that defendants were deliberately indifferent to his medical needs, *id*. at 14-17; and (4) Dr. Gulick is entitled to qualified immunity. *Id.* at 17-19.

A.    **Eleventh Amendment Immunity**

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Supreme Court has long held that the Eleventh Amendment bars federal suits against a non-consenting state by its own citizens as well as by citizens of another state. *See Board of Trustees of University of Alabama v. Garrett,* 531 U.S. 356, 360 (2001); *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "State sovereign immunity also proscribes federal suits against state agencies and state departments." *Atwood v. Strickler*, No. 3:19-CV-01699-IM, 2020 WL 3549662, at *3 (D. Or. June 29, 2020) (citing *Papason v. Allain*, 478 U.S. 265, 276–78 (1986)); *see also Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003) (noting, "[it] is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court").

Here, plaintiff asserts state and federal claims against ODOC, but the State of Oregon has not waived its sovereign immunity from suit in federal court. Plaintiff's claims against ODOC

PAGE 4 – OPINION AND ORDER

are therefore barred by the Eleventh Amendment, and ODOC is entitled to summary judgment. *See Brown v. Oregon Dep't of Corr.*, 751 F.3d 983, 989 (9th Cir. 2014) (finding the plaintiff's claims against ODOC "barred by the Eleventh Amendment" and affirming summary judgment for ODOC on that basis)*; see also*, *Oien v. Oregon*, No. 2:17-CV-00978-HZ, 2018 WL 503259, at *3 (D. Or. Jan. 22, 2018) (granting summary judgment to the State of Oregon and ODOC based on Eleventh Amendment immunity).

The Eleventh Amendment also "bars suits for money damages in federal court against . . . state officials acting in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *see also*, *Brown*, 751 F.3d at 989 (noting that Eleventh Amendment immunity extends to lawsuits filed against state officers in their official capacities "'because such actions are, in essence, actions against the governmental entity'") (citation omitted). However, it "does not bar actions against state officers in their official capacities if the plaintiffs seek only a declaratory judgment or injunctive relief." *Id.* (internal quotation marks and citation omitted). Thus, the Eleventh Amendment bars plaintiff claims against Dr. Gulick in his official capacity for monetary damages, but not regarding his prayer for injunctive relief. *See id.*

In sum, ODOC is immune from suit under the Eleventh Amendment and is therefore entitled to summary judgment on plaintiff's claims. Dr. Gulick is entitled to Eleventh Amendment immunity and summary judgment to the extent that plaintiff sues him in his official capacity for damages, but not regarding plaintiff's claims for injunctive relief or his claims against Dr. Gulick in his individual capacity. *See Salmon v. Peters*, No. 2:20-CV-1917-AR, 2022 WL 18584339, at *10 (D. Or. Dec. 15, 2022), *report and recommendation adopted*, 2023 WL 1470544 (D. Or. Feb. 2, 2023) (granting summary judgment to ODOC officials sued in their official capacities for monetary damages based on Eleventh Amendment immunity); *see also*,

PAGE 5 – OPINION AND ORDER

*Struggs v. Pfeiffer*, No. 1:18-CV-01336-GSA-PC, 2019 WL 4670252, at *4 (E.D. Cal. Sept. 25, 2019) (finding that the plaintiff was "not barred by the Eleventh Amendment from seeking injunctive or declaratory relief against [the] defendants in their official capacities, or from seeking money damages from defendants in their individual capacities").

**B.     Statute of Limitations**

Regarding the remaining state and federal claims, Dr. Gulick argues that those claims "are time barred under the statute of limitations and should be dismissed on that basis." Mot. 11.

**1.     State Claim**

The OTCA proscribes the statute of limitations for plaintiff's state law claims. Under the OTCA, a claim against a government official "shall be commenced within two years after the alleged loss or injury." ORS § 30.275(9). An action is considered "commenced" on the date that the complaint is filed. ORS § 12.020(2). The two-year statute of limitations begins to run when the plaintiff "knows or, in the exercise of reasonable care, should have known facts that would make a reasonable person aware of a substantial possibility that each of the elements of a claim exists." *Smith v. Oregon Health Science University Hosp. and Clinic*, 272 Or. App. 473, 479 (2015) (citing *Doe v. Lake Oswego School District*, 353 Or. 321, 333 (2013)).

**2.     Federal Claim**

The statute of limitations for plaintiff's federal claim is also two years. Because 42 U.S.C. § 1983 contains no statute of limitations, "federal law looks to the law of the State in which the cause of action arose . . . for the length of the statute of limitations . . . [based on] that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Oregon, the statute of limitations for a section 1983 lawsuit is two years. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (section 1983 claims are "characterized as personal injury

suits for statute of limitations purposes," and "Oregon's statute of limitations for such suits is two years") (citing ORS § 12.110(1)).

### 3. Analysis

Plaintiff filed his complaint on March 2, 2021. Therefore, any alleged injuries that arose prior to March 2, 2019, are barred by the two-year statutes of limitations that apply to plaintiff's tort claims, *see* ORS § 30.275(9), and his § 1983 claim, *see* ORS § 12.110(1). Plaintiff does not allege that he suffered injuries after March 2, 2019, or argue that his state or federal claims accrued after that date. Rather, plaintiff alleges that he "continually asked for help since 2014" for hydrocephalus, and the record shows that plaintiff submitted an AIC communication form in October 2014 that alleged a "lack of hydrocephalus treatment in sufficient time frame." Compl. 36. Plaintiff alleges that he was also denied proper care for hydrocephalus in 2016, 2017, and 2018, but even if his claims accrued in 2018, at the latest, his complaint would still be untimely because the statute of limitations would have expired some time in 2020 and his complaint was filed in March 2021. Thus, the Court finds that plaintiff's state and federal claims are barred by the applicable statute of limitations, and Dr. Gulick is entitled to summary judgement on that ground. *See Wilson v. Oregon by & through Dep't of Corr.*, No. 3:20-CV-2078-SI, 2021 WL 3779630, at *5 (D. Or. Aug. 25, 2021) (noting that the "[plaintiff]'s state and federal claims are barred by their respective two-year statutes of limitations" and therefore granting the defendants summary judgment on those claims).

Because plaintiff's state claims are barred by the statute of limitations, it is not necessary for the Court to consider Dr. Gulick's argument regarding the OTCA's 180-day notice requirement. *See Wilson*, 2021 WL 3779630, at *5. (declining to address the defendants' argument regarding notice under the OTCA after finding that the plaintiff's state claims were

PAGE 7 – OPINION AND ORDER

barred by the statute of limitations). It is also unnecessary to reach defendants' remaining arguments in support of their motion for summary judgment.

## CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment (ECF 33) is GRANTED, and plaintiff's claims are dismissed with prejudice.

IT IS SO ORDERED.

DATED this 27th day of April 2023.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge